# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

DENNIS PERKINS

NO. 2021 KW 0757

**JULY 7, 2021**

---

In Re:   State of Louisiana, applying for supervisory writs, 21st Judicial District Court, Parish of Livingston, No. 40,299.

---

**BEFORE:   WHIPPLE, C.J., WELCH AND WOLFE, JJ.**

**WRIT DENIED ON THE SHOWING MADE.** The State failed to include all of the evidence considered by the trial court in ruling on the motion to sever in the writ application filed with this court.

**VGW**
**EW**

**Welch, J.,** dissents and would grant the writ application. An implied antagonistic defense is insufficient to prove entitlement to a severance. There must be proof of actual antagonistic defenses. While courts have permitted a severance to co-defendants whose defenses are antagonistic to each other, such severance is allowed when the defenses of the co-defendants are *mutually* antagonistic to the extent that one co-defendant attempts to blame the other, causing *each* defendant to defend against both his co-defendant and the State. **State v. Dilosa,** 2001-0024 (La. App. 1st Cir. 5/9/03), 849 So.2d 657, 669, writ denied, 2003-1601 (La. 12/12/03), 860 So.2d 1153; **State v. Williams,** 2016-417 (La. App. 5th Cir. 8/30/17), 227 So.3d 371, 394, writ denied, 2017-1663 (La. 9/14/18), 252 So.3d 483. Although defendant may have established an anticipated justification defense by his co-defendant, he failed to show or even indicate a correlating defense against his co-defendant or how the assertion of such a defense will be unduly prejudicial. As there was no actual proof of antagonistic defenses presented to the trial court, I believe the trial court abused its discretion in ordering severance in this case.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT